Allan J. Cory SBN: 224289
Email: cory@sonic.net
LAW OFFICE OF ALLAN J. CORY
740 4th Street,
Santa Rosa, CA 95404
Office: 707-527-8810
Fax:    707-921-7375

Attorney for Debtor in Possession

# UNITED STATES BANKRUPTCY COURT
## *for the*
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) CASE NO.: 15-10425 |
| MIGUEL BELTRAN-RUELAS | ) CHAPTER 13 |
| Debtor. | ) NO HEARING SET |
| | ) Judge: Hon. Alan Jaroslovsky |

<u>BRIEF IN SUPPORT OF SUFFICIENCY OF SERVICE OF PROCESS RE DEFAULT JUDGMENT VALUING LIEN OF NATIONSTAR MORTGAGE, LLC AND/OR LIEN OF CREDITOR VERIPRO SOLUTIONS, INC.</u>

Miguel Beltran-Ruelas ("Debtor") by and through Allan Cory, his attorney in this case ("Counsel"), in response to a request by the Court, submits the following brief supporting why service was proper in this case for the valuation and "lienstrip" of the loan believed to be owned by Nationstar Mortgage, LLC and/or by its agent Veripro Soulutions, Inc. (the "Loan"), and for the obtaining of an order by default finding the Loan to be completely unsecured. This brief is based on the included memorandum of points and authorities, the Declaration of Allan Cory and its attached Exhibits, and on all pleadings and documents on file with Court for which Debtor requests judicial notice.

**I.      INTRODUCTION**

Debtor, by and through Counsel, filed a motion to value the property and determine the

-1-

BRIEF ON SUFFICIENCY OF SERVICE OF PROCESS

Loan as a junior loan currently secured by the property deemed wholly unsecured ("Motion to Value").

Because a Motion to Value is a contested matter service of process must meet the requirements set forth in Rule 7004 of the Bankruptcy Code in order to be deemed proper without more.

Rule 7004 allows for service by first class mail to a corporation addressed to the attention of an officer, a managing or general agent and/ or an agent authorized by appointment or law to receive service of process. In the event the creditor is a federally insured depository, Rule 7004 requires service by registered mail addressed to an officer of the institution.

In this instance the Motion to Value and request for default was served by certified mail to Nationstar Mortgage, LLC ("Nationstar") and by first class mail to Veripro Solutions, Inc ("Veripro").

After Counsel uploaded an order to the Court for the default judgment the Court requested service to be made proper or alternatively for a brief to be filed stating why the service effected is believed proper. Debtor, for the reasons set forth below, believes service to be proper and requests that the order as submitted be approved.

II.     STATEMENT OF FACTS

1)      Debtor, upon filing its case, stated the creditor for the loan was Veripro.

2)      Counsel, after reviewing the documents on file with Sonoma County Recorder's Office, found only recorded documents (as set forth in the Motion to Value) indicating that Nationstar was the owner of the loan (as a successor in interest).

3)      In the debt collection statement supplied by Debtor to Counsel from Veripro, it is stated that Veripro is a Nationstar company. (See Declaration of Allan Cory @ ¶3).

4)      Counsel has additionally determined, by and through the SEC EDGAR searchable database that Veripro is a Nationstar company. (See Declaration of Allan Cory @ ¶4).

5)      In Debtor's Motion to Value the Loan creditor was alleged to be Nationstar and/or Veripro as its agent.

6) The Motion to Value and subsequent Request for Default were served by Counsel to Nationstar, attention Jay Bray, CEO by certified mail, return receipt requested and by first class mail to Veripro.

7) Counsel obtained return receipts for the service of the Motion to Value and Request for Default served by certified mail to Nationstar (See Declaration of Allan Cory @ ¶6-7).

8) Veripro was listed as a creditor at the time of Debtor's schedule filing.

9) Nationstar was added on Debtor's schedules as an associated party of Veripro by amendment on September 3, 2015.

10) The service by first class mail to Veripro was made to the address listed on the debt collection letter and no notice of any failure to successfully deliver the letters used for service was received by Counsel.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. While 7004 Service may not be technically correct, Due Process has been satisfied by the service effected

In the Ninth Circuit mail that is properly addressed, stamped, and deposited into the mails is presumed to received by the addressee. *In re Levoy*, 182 B.R. 827, 834-35 (B.A.P. 9th Cir. 1995). Due process requires that notice be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and present them an opportunity to present their objections. A bankruptcy court is not obligated to pay deference to a state's service of process law where the remedy sought is a right found exclusively within bankruptcy [*In re Frates*, 507 B.R. 298, 304-05 (B.A.P. 9th Cir. 2014)] and bankruptcy law allows notice by mere first class mail in many situations. The allowance for service by mail is a "rare privilege" which should not be abused or taken lightly. *In re Villar*, 317 B.R. 88, 92-93 (B.A.P. 9th Cir. 2004).

Congress, in amending the law for service upon financial institutions, and requiring the use of certified mail addressed to an officer required a "more exacting service upon banks than when others are served" thereby raising the bar above mere first class mail service.

This more exacting requirement is consistent with the view of the Supreme Court holding that where there is ample precedent condoning notice by mail, a scheme exceeds constitutional requirements by requiring the use of certified mail. *Jones v. Flowers*, 547 U.S. 220, 226-27, 126 S. Ct. 1708, 1713-14, 164 L. Ed. 2d 415 (2006).

In this instance, because the agent for Nationstar was notified by first class mail and because Nationstar was notified by certified mail, attention to its chief executive, a more exacting and higher degree of notice certainty was excercised by Debtor. Moreover, because the certified mail included return receipt requested in both notifications, and because the return receipts were completed and returned to Counsel, it is apparent that the notices were reasonably calculated to apprise the party and were in fact effective in accomplishing such.

### 1. **Veripro is an Agent of Nationstar, and as such was properly served**

Veripro, in its debt collection letter to Debtor admits it is an agent of Nationstar. Furthermore, Counsel for Debtor determined by the SEC EDGAR searchable database that Veripro is owned by Nationstar and that Natiostar CEO, Jay Bray, is and/or was, a Director of Veripro (See Declaration of Allan Cory @ ¶8). Moreover, even if not Veripro is not deemed an admitted agent in this case, it is an implied agent by virtue of its substantial activity in the forum and use of its independent judgment and discretion [*In re Focus Media Inc.*, 387 F.3d 1077, 1082 (9th Cir. 2004)] as is demonstrated by its debt collection letter to Debtor wherein it states "...Good News! Now that your loan has been transferred to Veripro Solutions we can help you resolve the debt in ways that may have not been available to you in the past." (See EXHIBIT A of the Declaration of Allan Cory @ ¶3:4-5).

### 2. **An Officer of Nationstar was Served in Additon to service upon its Agent**

In addition to the service on Veripro as an agent of Naionstar , Nationstar was also served by certified mail to the attention of CEO, Jay Bray.. Although 7004 requires such service to be by mere first class mail, the more exacting method used coupled with the return of receipt of notices relating to the Motion to Value and Request for Default (along with copies of the relevant associated documents) demonstrate that service was reasonably calculated and indeed achieved.

-4-

BRIEF ON SUFFICIENCY OF SERVICE OF PROCESS

Case: 15-10425   Doc# 34   Filed: 09/08/15   Entered: 09/08/15 12:20:11   Page 4 of 5

### 3. Even if Veripro is not an Agent, service was effected on Nationstar

If it might otherwise be determined that Veripro is/was not an agent of Nationstar for the purpose of notice and service of process the service to Nationstar meets all due process requirements.

Service by the more exacting method of registered mail was reasonably calculated to provide notice and return of receipt demonstrates it was indeed effective. Moreover, Veripro, Nationstar's wholly owned company, was provided additional notice(s). In the Ninth Circuit it has been held that when defendant receives sufficient notice, as shown by the facts herein, the service of process should be liberally construed to uphold service. *In re 701 Mariposa Project, LLC*, 514 B.R. 10, 18 (B.A.P. 9th Cir. 2014)

## III. CONCLUSION

Because the Motion to Value and the Request for Default were served in a more exacting manner than required by the Code, and because such notice was actually received by the affected creditor in the matter and presumed received by its actual or implied agent, proper service has been effected and the Request for Default by Debtor may be granted.

Therefore, the Debtor requests that the Court reconsider the Order submitted (and now resubmitted) in this matter for its approval.

Dated: <u>September 8, 2015</u>

By:     <u>*/s/ Allan Cory*</u>
         Allan Cory
         Attorney for Debtor